In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3567

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NATHANIEL JOSIAH WORDEN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:09-cr-58—**Joseph S. Van Bokkelen**, *Judge*.

ARGUED MAY 11, 2011—DECIDED JULY 14, 2011

Before ROVNER and HAMILTON, *Circuit Judges*, and
LEFKOW, *District Judge*.[*]

LEFKOW, *District Judge*. Nathaniel Josiah Worden
pleaded guilty to one count of advertising child pornog-
raphy, a violation of 18 U.S.C. § 2251(d)(1). In a plea
agreement, Worden agreed to a comprehensive waiver

---

[*] The Honorable Joan Humphrey Lefkow of the Northern
District of Illinois, sitting by designation.

of appellate rights. Worden now challenges the district court's order of approximately half a million dollars in restitution to one of the victims of his offense. Because we conclude that the restitution order falls within the scope of the appellate waiver in Worden's plea agreement, his appeal must be dismissed.

**I.**

Worden was arrested for engaging in sexually explicit online chats with "Emily," a person whom he believed to be a 14-year-old girl living in Vermont. Worden emailed Emily numerous pictures and videos of minors engaging in sexually explicit conduct, asked Emily to send him sexually explicit photos of herself, offered to ship Emily a webcam to facilitate their communications, and masturbated in front of his webcam while he was online with Emily. Worden told Emily that he had shared sexually explicit photos with others online. He also suggested that he travel to Vermont to have sex with Emily and to rape girls that Emily did not like. Emily, in actuality, was an undercover police officer working for the Vermont Internet Crimes Against Children Task Force. After Worden's arrest, the police found in his possession more than 600 child pornography images and videos, including images depicting sadomasochistic conduct involving minors, minors being restrained and in obvious pain, and minors under the age of twelve.

A four-count superseding indictment charged Worden with advertising, transporting, possessing, and attempting

to transfer obscene materials to a minor. Worden pleaded guilty to advertising in exchange for the government's concessions, principally that the government would move to dismiss the remaining counts and recommend a minimum statutory sentence. The plea agreement recited Worden's right to appeal the conviction and the sentence imposed and the court's authority to impose any sentence within the statutory maximum. Acknowledging these rights, Worden stated:

> I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]

Worden also agreed to pay restitution ordered by the district court:

> I acknowledge that . . . the Court is required to order restitution for the full amount of any victims' compensable losses in this case. . . . I agree to the entry of a Restitution Order for the full amount of any victims' losses in this case as determined by the Court. . . .

The requirement of restitution of "the full amount of any victims' losses" arises under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C.

§§ 2259(a), (b). About five months after Worden entered his guilty plea, the government filed a motion seeking $533,244 in restitution on behalf of "Amy," a child depicted in one of the pornographic images that Worden possessed.

After imposing the thirty-five-year statutory minimum term of imprisonment, the district court held a separate hearing to determine the amount of restitution. The court heard testimony from an expert psychologist, who stated that Amy would need weekly therapy for the rest of her life and should start an inpatient program as soon as possible. An economic and actuarial expert provided a report regarding the cost of Amy's anticipated psychological treatment. Worden argued that the psychologist's testimony regarding Amy's future treatment was too speculative to support a restitution award, largely because Amy was refusing to participate in her current treatment plan. He also argued that there was no evidence that he had proximately caused Amy's injury.

Noting that 28 U.S.C. § 2259(b)(1) instructs courts to order restitution for the "full amount" of a victim's losses, the district court declined to read a proximate cause requirement into the statute. It accepted the conclusions of Amy's experts and ordered Worden to pay the full amount requested by the government.

## II.

Worden argues that Amy's participation in any future treatment plan was too uncertain to support the amount

of restitution ordered by the district court. We may not address the merits of Worden's argument, however, if we conclude that he waived the right to appeal the restitution order. *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled . . . .").

We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement. *E.g.*, *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). We apply principles of contract law in analyzing the terms of the waiver, "tempered by recognition of limits that the Constitution places on the criminal process." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Those limits are not at issue here.

Worden waived his right to appeal or to contest his conviction and the sentence imposed or the manner in which his conviction or his sentence was determined or imposed, to any court on any ground. Because restitution is a part of a criminal sentence, and Worden agreed not to challenge his sentence, he may not appeal the restitution order. *See United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000) ("An agreement waiving appeal from 'any sentence within the maximum provided in Title 18' or similar language" would waive the right to appeal a restitution order.).

Our review of the transcript of the district court's plea colloquy confirms that Worden knowingly and voluntarily waived his right to appeal the restitution

order. The district court went over the plea agreement in detail and confirmed that Worden entered into the agreement freely and voluntarily. Three times, the court told Worden that he might be ordered to pay restitution to the victims of his offense. Each time, Worden confirmed that he understood that restitution could be ordered.[1] The district court also discussed the appeal

---

[1] The district court engaged in two plea colloquies with Worden. Towards the end of the first colloquy, Worden indicated that he was not feeling well because he was hypoglycemic and had not been sleeping well. The court took a break so that Worden could get food from the cafeteria. When Worden returned, the district court repeated most of the colloquy out of concern that Worden had not been listening closely when he was not feeling well.

During the first plea colloquy, the court asked, "Do you understand that . . . you agreed that after you plead guilty you will have no right to appeal your conviction or sentence or any order of restitution and the manner by which they were imposed? Do you understand that?" Worden responded, "Yes." The district court asked, "And you agreed to that?" Worden again responded, "Yes." During the second colloquy, the district court asked Worden, "[D]o you understand . . . [that] you agree that after you plead guilty you will have no right to appeal your conviction or sentence or any order of restitution and the manner by which they were imposed? Do you understand that?" Worden responded, "Yes." The court then asked, "Do you understand that the same paragraph of your plea agreement also prohibits you from filing a habeas corpus petition to collaterally attack your conviction and

(continued...)

waiver with Worden. Twice Worden was asked if he agreed that after he pleaded guilty he would not have the right to appeal his "conviction or sentence *or any order of restitution* and the manner by which they were imposed." Worden confirmed both times that he agreed.

Worden argues that although he waived his right to appeal the court's restitution order, he is not foreclosed from challenging the restitution amount. In support, he relies primarily on *Behrman*, where we held that a defendant who waived his right to appeal a sentence "within the maximum provided in the statute(s) of conviction" had not waived his right to appeal a restitution order that was authorized by a different statutory provision. 235 F.3d at 1052. *Behrman* does not suggest that the amount of restitution may be separated from its mere imposition. In *Behrman*, we determined that the scope of the waiver did not extend to restitution (whatever the amount).

Several other circuits have concluded that when a defendant waives his right to appeal his "sentence," an appeal of a restitution order falls within the scope of the waiver. *See United States v. Perez*, 514 F.3d 296, 299 (3d Cir. 2007); *United States v. Cohen*, 459 F.3d 490, 497 (4th Cir. 2006); *United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006); *see also United States v. Johnson*, 541 F.3d

---

[1] (...continued)

sentence or any order of restitution and the manner by which they were imposed? Do you understand that?" Worden responded, "Yes."

1064, 1066 (11th Cir. 2008) (defendant could not object to restitution order as untimely under 18 U.S.C. § 3664(d)(5) where he had waived his right to appeal his sentence).

On the other hand, as Worden emphasizes, in some circumstances courts have concluded that a defendant did not waive his right to appeal the amount of restitution by entering into a plea agreement that waives the right to appeal the "sentence" imposed by the court. *See United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (where defendant waived his right to appeal his "conviction and any sentence incorporating the agreed disposition specified herein," and the "agreed disposition" included an order to pay restitution "in full," defendant had not waived appeal of errors in the district court's determination of what constitutes "full restitution"); *United States v. Oldimeji*, 463 F.3d 152, 157 (2d Cir. 2006) (no waiver where defendant agreed not to file an appeal or otherwise challenge his "sentence . . . in the event that the Court imposes a total term of imprisonment of 114 months" because the wording of the agreement supported the inference that "sentence" referred to the period of imprisonment); *United States v. Sistrunk*, 432 F.3d 917, 918 (8th Cir. 2006) (no waiver where agreement stated that "the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal his sentence, unless the Court sentences the defendant above offense level 10"); *United States v. Zink*, 107 F.3d 716, 718 (9th Cir. 1997) (no waiver where the text of the agreement suggested that reference to "any sentence" referred only to

sentences calculated by using the Sentencing Guidelines); *United States v. Ready*, 82 F.3d 551, 560 (2d Cir. 1996) (no waiver where plea agreement referred to "any sentence up to the maximum established by statute," suggesting that the use of the term "sentence" was not intended to include restitution because restitution is not limited by statute).

We do not retreat from respecting the limits of plea agreement waivers, but our analysis is guided foremost by the facts before us. Here, the broad language of the waiver and the district court's detailed colloquy assure us that Worden waived his right to appeal the amount of restitution as well as the order itself. The court's "determin[ation]" or "impos[ition]" of Worden's sentence would logically include the calculation of the amount of restitution to be awarded. The district court, during the plea colloquy, confirmed that Worden intended to waive his right to appeal his "conviction or sentence or any order of restitution *and the manner by which they were imposed*."

Finally, as in *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997), we must ask, if Worden is right, "what . . . does [the defendant's] waiver waive?" Under the statutory scheme created by the Mandatory Restitution for Sexual Exploitation of Children Act, the court's order of restitution to any "victim" of Worden's offense was mandatory. *See* 18 U.S.C. § 2259(b)(4)(A). In these circumstances, a waiver of the right to appeal the court's order of restitution—but not the amount of restitution—would be of little consequence. Rather than

adopt the bifurcated analysis suggested by Worden, we conclude that Worden's plea agreement bars all non-waivable challenges to the court's restitution order.

Worden does not argue that the court's restitution order exceeded the statutory maximum. Because we do not reach the merits in this appeal, we need not address the circuit split arising from other cases involving Amy concerning whether section 2259 requires a showing of proximate causation.[2] *Compare In re Amy*, 636 F.3d 190, 198-99 (5th Cir. 2011) (holding that proximate cause requirement in section 2259 applies only to "other losses" covered by section 2259(b)(3)(F)), *with United States v. Monzel*, ___ F.3d ___, 2011 WL 1466365, at *5-7 (D.C. Cir. Apr. 19, 2011) (noting circuit split and holding that section 2259 is limited to losses proximately caused by defendant). Accordingly, Worden's appeal is DISMISSED.

---

[2] At oral argument, Worden's counsel confirmed that he does not contend that section 2259 requires the government to show that the defendant was the proximate cause of the victim's injuries.