# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3408

_____

United States of America

*Plaintiff - Appellee*

v.

Bobby R. Olson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 13, 2013
Filed: June 7, 2013

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bobby Olson was arrested for stealing a car from a casino parking lot and pled guilty to larceny in violation of 18 U.S.C. §§ 661 and 1152. At sentencing the district court[1] determined that Olson's criminal history warranted an upward departure from

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

his guideline range and sentenced him to 30 months imprisonment. Olson appeals his sentence, alleging procedural and substantive errors. We affirm.

On February 18, 2012, Olson visited a casino on the Standing Rock Sioux Indian Reservation outside Mobridge, South Dakota. He drank heavily and lost a lot of money gambling. The casino eventually refused to serve him more alcohol or cash additional checks. Thereafter, Olson began rummaging through cars in the parking lot, pilfering various items including two sweatshirts, a pair of jeans, and a cell phone. After finding a set of keys in the glove compartment of one car, he stole the vehicle and drove back to Mobridge where he was staying in a motel with his pregnant wife and another individual. Olson abandoned the car a few blocks from the motel, taking with him a bag of music CDs. Police soon located the stolen vehicle and found Olson in his motel with many of the stolen items. Olson was arrested and later pled guilty to larceny in violation of 18 U.S.C. §§ 661 and 1152.

Olson had acquired an extensive criminal record in his twenty four years of life. His presentence investigation report (PSR) detailed eleven adult convictions, most of which involved drug use or car thefts. It also reported on six other arrests for similar conduct and nine charges still pending in state court. The PSR recommended criminal history category VI for him and an offense level of 6, resulting in a guideline range of 12 to 18 months. Olson filed several objections to the PSR but none involved his criminal history or arrests.

After the PSR was finalized, the district court notified counsel that it was considering an upward departure based on Olson's "terrible record." The court explained that Olson's criminal history category, "although already the highest one can have under the Guidelines, significantly under represents his actual criminal history as well as the likelihood that he will commit other crimes." Olson did not respond to the court's letter. At sentencing Olson asked for leniency and requested a downward departure from his guideline range, emphasizing as mitigating factors his

difficult upbringing and his wife and young child. While Olson did not formally object to the consideration of an upward departure, he attempted to distinguish himself from prior defendants who had received upward departures from the same district court judge.

The court stated after its detailed review of Olson's criminal history that "[t]his young man is 24 years of age and has been a one-man crime wave." It determined that an upward departure was warranted because Olson's criminal history category "substantially underrepresents the likelihood that he will commit other crimes of this nature and substantially underrepresents his actual criminal history." Since Olson had already reached the highest criminal history category, the only upward departure available was to move to a higher offense level. See U.S.S.G. § 4A1.3(a)(4)(B). The court thus adjusted Olson's offense level to 12, resulting in a guideline range of 30 to 37 months. In sentencing Olson to 30 months imprisonment, the court stated that it considered this "a lenient sentence, under all the facts and circumstances of this case."

Olson appeals his sentence. When reviewing a sentence, we first ensure that the district court committed no significant procedural errors. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In the absence of procedural error, we next review whether the sentence was substantively reasonable. Id. Olson first argues that the district court procedurally erred in departing upward from his guideline range. Although we normally review an upward departure for abuse of discretion, United States v. King, 627 F.3d 321, 323 (8th Cir. 2010), the government argues that we should review the departure in this case only for plain error. The reasons it offers are that Olson neither responded to the district court's presentencing letter stating that it was considering an upward departure nor formally objected to the departure at sentencing. We conclude the district court did not err under either plain error review or an abuse of discretion standard.

Two provisions in the sentencing guidelines are relevant here. First, U.S.S.G. § 4A1.3(a)(1) allows the sentencing court to depart upward from the guideline range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Second, U.S.S.G. § 5K2.0 allows for upward departures based on aggravating circumstances, but not for departures covered by other guidelines including criminal history. U.S.S.G. § 5K2.0 cmt. n.2(B). Here, the district court's presentencing letter to the parties and its oral pronouncements at sentencing did not identify under which guideline it was departing upward. In the court's written statement of reasons, however, it checked the box for U.S.S.G. § 5K2.0 departures. Nonetheless, the court's sole announced reason for departing was Olson's extensive criminal history. The court also used language nearly identical to that in U.S.S.G. § 4A1.3(a)(1) while explaining its reasoning.

Olson concentrates on the written statement of reasons form and argues that the court "incorrectly applied the Sentencing Guidelines" by departing under U.S.S.G. § 5K2.0 since the application notes explain that that section does not cover departures based on criminal history. U.S.S.G. § 5K2.0 cmt. n.2(B). It is well settled, however, that a district court's oral sentence controls when it conflicts with the written judgment. United States v. Buck, 661 F.3d 364, 374 (8th Cir. 2011). If the oral sentence is ambiguous, our task is to discern the court's intent. Id. We then look at "the entire sentencing pronouncement" including the written record. Id. (citation omitted).

After our review of the record, it appears clear that the district court intended to depart upward under U.S.S.G. § 4A1.3. The court's presentencing letter and oral pronouncement explained that criminal history category VI "substantially underrepresents the likelihood that [Olson] will commit other crimes of this nature

and substantially underrepresents his actual criminal history." This language is nearly identical to that in § 4A1.3, which covers only departures based on criminal history.

Although the court's written statement of reasons for the departure checked the § 5K2.0 box, that guideline expressly excludes the reason the court referenced in its oral statement. We presume "that district judges know the law," especially when it comes to clear rules in the area of criminal sentencing. See United States v. Gray, 533 F.3d 942, 943–44 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted). The district court's explicit rationale for the upward departure was Olson's criminal record. Since Olson was already in the highest criminal history category, the court adjusted his offense level as permitted under U.S.S.G. § 4A1.3(a)(4)(B). The court's clearly announced intent to depart under § 4A1.3 prevails over the check mark by § 5K2.0 in the written form. See Buck, 661 F.3d at 374.

Olson has an extensive criminal history for his age. Upon reviewing the PSR and without any recommendation from the government, the district court considered his criminal history to be exceptional and that it was "high past time to rein in this defendant." At sentencing the court thoroughly examined Olson's criminal past. Noting that it seldom imposed upward departures, the court explained that Olson warranted such a departure because he had been a "one-man crime wave." We find no error in the district court's decision to depart upward under § 4A1.3.

Olson also contends that the district court committed procedural error by failing to consider his arguments for leniency and failing adequately to explain the basis for his sentence. The district court demonstrated however that it was well aware of Olson's requests for leniency and a downward departure. The court noted his objections to the PSR, listened to Olson and his counsel at sentencing, and responded to their points on the record. While the sentencing transcript has many references to Olson's arguments for leniency, the district court explained that its sentence was

primarily based on his criminal record as well as the facts of this particular case. After a careful review, we are satisfied that there was no procedural error.

We also reject Olson's claim that the district court failed to consider all the 18 U.S.C. § 3553(a) sentencing factors. In order to comply with § 3553(a), the sentencing court need not "make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). As long as the sentencing court referenced "some of the considerations contained in § 3553(a), we are ordinarily satisfied." Id. at 1111 (internal quotation marks omitted). Here, the district court noted that it had taken all the § 3553(a) factors into account, discussed the facts of this case, and examined Olson's personal characteristics and history. It also demonstrated its understanding of how the guidelines are interrelated. Sentencing courts need not mechanically list each § 3553(a) factor, id. at 1110, and we conclude the district court did not fail to consider the statutory sentencing factors.

Olson finally contests the reasonableness of his sentence, pointing to his difficult upbringing and current family circumstances as reasons why 30 months is too long a term of imprisonment. We review the substantive reasonableness of a sentence for abuse of discretion, Feemster, 572 F.3d at 461, and we conclude that the district court did not abuse its discretion here. Olson's history of stealing cars, violent behavior, and general disregard for the law is substantial. The district court considered and rejected the same arguments Olson presents on appeal. It found that he had not learned from his past mistakes and deserved punishment above his recommended guideline range to deter him from future criminal activity.

In this case the court conducted a broad inquiry into Olson's individual circumstances and did not commit legal error or abuse its discretion in sentencing him to 30 months. For these reasons, we affirm the judgment of the district court.

_____