In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 14-2650, 14-2652 & 14-2653

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARL F. KIEFFER,

*Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of Illinois, Nos. 13-CR-30251-MJR,
14-CR-30051-MJR & 14-CR-30052-MJR — **Michael J. Reagan**, *Chief Judge.*

SUBMITTED FEBRUARY 10, 2015 — DECIDED JULY 27, 2015

Before EASTERBROOK, RIPPLE, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Carl Kieffer robbed the Bank of O'Fallon in O'Fallon, Illinois, on October 15, 2013. He fled by car and led police officers on a high-speed chase. The officers lost sight of him temporarily but later found him hiding in a cornfield. Mr. Kieffer confessed to robbing the bank, and the police retrieved the $3,330 he had stolen. Mr. Kieffer also confessed that he had robbed six other banks (five outside Illinois) dur-

ing the previous two months. At the time of his arrest, he faced charges for only two of those robberies, however, one in Lusk, Wyoming, and another in Charlotte, Michigan. Mr. Kieffer agreed to plead guilty to those robberies, and the cases were transferred to the Southern District of Illinois and consolidated with Mr. Kieffer's prosecution for the robbery in O'Fallon. *See* Fed. R. Crim. P. 20. Mr. Kieffer pleaded guilty to all three robberies, *see* 18 U.S.C. § 2113(a), and he signed a stipulation acknowledging his confession to committing the four uncharged robberies.

At sentencing the district court calculated a total offense level of 28 and criminal history category of V, yielding a guidelines imprisonment range of 130 to 162 months. The total offense level was reached by separately calculating the offense levels for all seven bank robberies, *see* U.S.S.G. § 1B1.2(c), and then applying a multiple-count adjustment, *see id.* § 3D1.4. Mr. Kieffer received concurrent twenty-year sentences—the statutory maximum on each count, *see* 18 U.S.C. § 2113(a). The court also ordered Mr. Kieffer to pay $10,615 in restitution to the banks he robbed in Wyoming and Michigan, plus an additional $21,230 to the banks in the four uncharged robberies.

On appeal, Mr. Kieffer challenges a portion of his restitution order as well as the calculation of his guidelines imprisonment range. He does not challenge separately the reasonableness of his sentence, however, assuming the guidelines range is properly calculated.

We begin by making two threshold points. First, as part of his plea agreement, Mr. Kieffer agreed to relinquish his appeal rights except that he could challenge "the reasonableness of the sentence" if "the sentence imposed is in excess

of the Sentencing Guidelines as determined by the Court."[1] Neither issue presented by these appeals falls within that narrow exception, which, typically, would constrain our review. *See United States v. Worden*, 646 F.3d 499, 502–04 (7th Cir. 2011). But the Government's brief is silent about Mr. Kieffer's appeal waiver, so the Government has waived reliance on that waiver. *United States v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012). Second, at sentencing Mr. Kieffer did not object to the guidelines calculations or the order of restitution, so the parties agree that our review is limited to plain error.

As for the merits, Mr. Kieffer first argues that the district court overstated his total offense level by including the four uncharged robberies when applying the multiple-count adjustment of § 3D1.4. He denies stipulating that he *committed* those robberies and argues that, instead, he stipulated only to *confessing* that he committed those offenses when questioned by the FBI.

Mr. Kieffer may not disavow his stipulations by quibbling over semantics. To establish a factual basis for his guilty pleas, Mr. Kieffer stipulated to the facts underlying the three charged robberies. At the same time, he stipulated that the Government could prove beyond a reasonable doubt that he had "admitted [to] robbing" the four other banks and that "the FBI has confirmed that [he] robbed" those other banks.[2] This stipulation is sufficiently specific to establish Mr. Kieffer's commission of the four uncharged robberies, and thus for a sentencing court to include those robberies when applying the multiple-count adjustment.

---

[1] R.31 at 10–11.

[2] R.32 at 4–5.

*See* U.S.S.G. § 1B1.2(c); *United States v. Shutic*, 274 F.3d 1123, 1124–25 & n.1 (7th Cir. 2001); *United States v. Brown*, 14 F.3d 337, 339, 341 (7th Cir. 1994); *United States v. Eske*, 925 F.2d 205, 207 (7th Cir. 1991). Accordingly, the district court did not commit any error—much less plain error—in calculating Mr. Kieffer's imprisonment range.

Mr. Kieffer next argues that the district court lacked authority to order him to pay restitution to the banks in the uncharged robberies because those banks were not victims of the offenses of conviction. The Government counters that "discretionary" restitution was properly ordered as a condition of supervised release because the uncharged robberies were included as additional counts of conviction when calculating Mr. Kieffer's guidelines range.[3]

The Government's argument suffers from two shortcomings, the first of them factual. The district court may have intended to impose restitution for the uncharged robberies only as a condition of supervised release, but the judgments of conviction go further. Each judgment does order total payment of $21,230 to the four banks as a condition of supervised release. Yet those judgments also impose total restitution of $31,845 (the unrecovered losses from *all seven* robberies) as "criminal monetary penalties" payable "immediately."[4] Conditions of supervised release do not have immediate effect.

More importantly, an order of restitution for the uncharged robberies is not sustainable even as a special condition of supervised release. The Government is incorrect in

---

[3] Appellee's Br. 25.
[4] R.40 at 5–6.

asserting that the guidelines instructions for incorporating uncharged offenses into the defendant's total offense level have any bearing on the legality of a restitution order. *See United States v. Locke*, 759 F.3d 760, 765–66 (7th Cir. 2014) (distinguishing roles of sentencing guidelines and restitution statutes); *United States v. McGee*, 612 F.3d 627, 635–36 (7th Cir. 2010) (same). The Government cites no case on point to support its assertion, and we have not found one.

District judges may order restitution only if there is a statutory basis to do so. *United States v. Westerfield*, 714 F.3d 480, 489 (7th Cir. 2013); *United States v. Webber*, 536 F.3d 584, 601 (7th Cir. 2008). Restitution as a condition of supervised release, which the district court apparently intended to order in this case, is governed by 18 U.S.C. § 3583(d), which authorizes sentencing judges to impose conditions listed as discretionary conditions of probation in 18 U.S.C. § 3563(b)(2). *See United States v. Hassebrock*, 663 F.3d 906, 923 (7th Cir. 2011); *United States v. Batson*, 608 F.3d 630, 634–35 (9th Cir. 2010). Section 3563(b)(2) authorizes restitution to the extent permitted by 18 U.S.C. § 3556, which, in turn, directs sentencing courts to follow the mandates of the statutes governing mandatory and discretionary restitution, 18 U.S.C. §§ 3663, 3663A, without being confined to particular offenses, *see United States v. Frith*, 461 F.3d 914, 919–20 (7th Cir. 2006); *Batson*, 608 F.3d at 633–34. The restitution statutes authorize restitution only for victims of an offense of conviction unless the defendant consents to pay restitution to other persons as part of a plea agreement, which Mr. Kieffer did not do. *See* 18 U.S.C. § 3663(a)(1)(A), (a)(3); *id.* § 3663A(a)(3); *Hughey v. United States*, 495 U.S. 411, 416 (1990); *Frith*, 461 F.3d at 919–20; *United States v. Wells*, 177 F.3d 603, 608–09 (7th Cir. 1999). This limitation applies even when restitution

is imposed only as a condition of supervised release. *See Frith*, 461 F.3d at 919–20; *Batson*, 608 F.3d at 636–37; *United States v. Varrone*, 554 F.3d 327, 333–34 (2d Cir. 2009). Mr. Kieffer did not consent as part of his plea agreement to pay restitution to other persons, and the banks from the uncharged robberies are not "tied to the specific conduct of conviction**.**" *Frith*, 461 F.3d at 921. The restitution awarded therefore is illegal. *See id.*; *see also United States v. Menza*, 137 F.3d 533, 537 (7th Cir. 1998) (explaining that restitution may be awarded "to any *victim* of the…*offense* of conviction").

We will correct this plain error, however, only if it affects Mr. Kieffer's substantial rights and seriously impugns the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Butler*, No. 14-2770, 2015 WL 191150, at *4 (7th Cir. Jan. 15, 2015). Compelling Mr. Kieffer to pay $21,230—a substantial sum—without any legal authority affects his substantial rights, and so we exercise our discretion to vacate the disputed award of restitution. *See United States v. Locke*, 643 F.3d 235, 248 (7th Cir. 2011); *United States v. Allen*, 529 F.3d 390, 397 (7th Cir. 2008); *United States v. Alburay*, 415 F.3d 782, 789 (7th Cir. 2005); *United States v. Randle*, 324 F.3d 550, 558 (7th Cir. 2003).

Accordingly, in each appeal the judgment is AFFIRMED, except that the award of restitution to the banks involved in the uncharged robberies is VACATED. The cases are RE-MANDED for entry of corrected judgments providing for no restitution in Case No. 13-CR-30251-MJR, $7,015 payable to Lusk State Bank in Case No. 14-CR-30051-MJR, and $3,600 payable to Fifth Third Bank in Case No. 14-CR-30052-MJR.