NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2015
Decided December 8, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

No. 15-1385

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:13cr68-001 |
| GEORGE VAN TIL, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Lake County, Indiana, forbids its employees to work on political campaigns for their supervisors while they are being paid by the county. George Van Til, the county surveyor, violated those rules and wound up indicted by a federal grand jury on six counts of wire fraud. See 18 U.S.C. §§ 1343, 2(a). Van Til pleaded guilty to those charges pursuant to a plea agreement in which he waived his right to appeal "all components of [his] sentence or the manner in which [his] … sentence was determined or imposed." The district court sentenced him to 18 months' imprisonment, three years' supervised release, $600 in special assessments, and $26,502.74 in restitution to the County. Notwithstanding the waiver we just quoted, Van Til has brought this appeal, in which

he asserts that the restitution component of his sentence is too high. Whether or not this point would have had merit, however, is beside the point. Nothing in the present record justifies disregarding the appeal waiver, and so we dismiss this appeal.

**I**

Van Til was elected county surveyor for Lake County in 1992. Once in office, he required his employees to perform political work on county time: they planned fundraisers, tracked fundraising efforts, wrote checks, made phone calls, maintained a political Facebook page, designed graphics, drafted letters, and stuffed envelopes. The employees were paid by the county, via direct deposit into their bank accounts, for time that Van Til knew was spent doing political work for him. County regulations specifically forbade employees from doing political work on county time or from using county resources for political purposes.

Federal authorities caught wind of Van Til's activities and opened an investigation. This resulted in the wire fraud charges that led to Van Til's guilty plea. The indictment alleged a scheme that lasted from February 2007 through December 2012. In the plea agreement, Van Til admitted that the loss amount for purposes of the Sentencing Guidelines was between $10,000 and $30,000, and that he would be required to pay restitution in an amount to be determined by the court. He also agreed to the broad waiver of appeal rights mentioned earlier.

We focus here on the restitution component of Van Til's sentence, as it is the only part he would like to challenge. The Presentence Investigation Report summarized the political work that several employees performed for Van Til on county time for the 2008 and 2012 primary and general elections; it adopted the government's loss calculation of $26,462.74 as the basis for restitution. At sentencing, the government presented a slightly revised loss calculation worksheet that calculated a loss of $26,603.74. At sentencing, the court revised the total to $26,502.74, when the government acquiesced to Van Til's argument that employee Christine Tanis was responsible for only $399, not for $500.

Van Til also objected to the government's estimate of the loss attributable to John Mroczkowski, who accounted for most of the total loss identified by the government—$22,176.00. The government estimated that during the seven-month campaign season (January through May for the primary, and September through October for the general election, in both 2008 and 2012), Mroczkowski had spent 50% of his time in the surveyor's office doing political work for Van Til. According to Van Til,

Mroczkowski was responsible for no more than $9,028.00 in loss; if accepted that change would have reduced the total loss for restitution purposes to $13,354.74. (Van Til uses the figure $13,345.74, but that appears to reflect a mistaken transposition of digits. The difference in figures is immaterial to our analysis.) The district court rejected Van Til's argument, however, and entered a judgment requiring Van Til to pay $26,502.74 in restitution to Lake County.

**II**

Because this case turns on Van Til's appeal waiver, it is helpful to see what the relevant part of the plea agreement, section 7(e), says:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. with [*sic*] this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. …

Relying on the phrase "any sentence within the statutory maximum set for my offense(s)," Van Til urges that this language limits the waiver to those parts of the sentence governed by the statutory maximum in the wire fraud statute under which he was convicted, 18 U.S.C. § 1343. That statute mentions only imprisonment and a fine as potential punishments; ergo, Van Til reasons, the restitution order (made pursuant to the Mandatory Restitution to Victims Act, 18 U.S.C. § 3663A) falls outside the scope of the waiver.

He points to *United States v. Behrman*, 235 F.3d 1049 (7th Cir. 2000), to support this position, but *Behrman* does not help him. The appeal waiver there provides that the

defendant "knowingly waives the right to appeal *any sentence within the maximum provided in the statute(s) of conviction* (or the manner in which that sentence was determined)." *Id.* at 1051. Van Til's waiver differs precisely because it is not linked to the statute of conviction. To the contrary, the waiver refers to "all components of my sentence or the manner in which … my sentence was determined or imposed." As the government points out, this language does not differ meaningfully from that in the appeal waiver considered in *United States v. Worden*, 646 F.3d 499 (7th Cir. 2011). The court there also confirmed that "restitution is a part of a criminal sentence," and so when a defendant "agree[s] not to challenge his sentence, he may not appeal the restitution order." *Id.* at 502.

Van Til also tries to avoid his waiver with a procedural argument: unlike the district court in *Worden*, he suggests, the court in his case did not expressly mention restitution when discussing the appeal waiver. That argument fails to take into account everything that was said during the plea colloquy, nor does it acknowledge that the terms of this waiver are clear and unambiguous. During the plea colloquy, the district court informed Van Til three times that restitution would be part of his sentence, and it emphasized the broad scope of his appeal waiver, spelling out that Van Til was waiving his right to contest "all components of your sentence of the manner in which they were determined or imposed." Taken as a whole, this discussion adequately warned Van Til about the full scope of the waiver, and in particular its coverage of restitution.

Based on the appeal waiver in Van Til's plea agreement, we hereby DISMISS this appeal.