**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 7, 2015
Decided December 21, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1129

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 12 CR 697-2 |
| JAMES JONES, | |
|     *Defendant-Appellant*. | Virginia M. Kendall, |
| | *Judge*. |

**O R D E R**

James Jones pleaded guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to prison and supervised release. His plea agreement includes a broad appeal waiver. Despite that waiver, Jones filed this appeal challenging several conditions of supervised release as unconstitutionally vague and asking for a full resentencing. We dismiss the appeal.

For more than two years, Jones lived at and sold drugs from his nephew's stash house. Jones was arrested at the house with his nephew and another drug dealer. Two loaded guns and 81 grams of crack cocaine were recovered from Jones's living space. Jones eventually pleaded guilty to the § 841 charge and, as part of his plea agreement,

waived his right to appeal "any part of his sentence (or the manner in which that sentence was determined)."

A probation officer drafted a presentence investigation report that did not include any proposed conditions of supervised release. Counsel for Jones submitted a sentencing memorandum but said nothing in that document about supervised release. Neither did defense counsel say anything about supervised release at the sentencing hearing.

The district court sentenced Jones to 134 months' imprisonment (substantially below the guidelines range of 168 to 210 months) plus 3 years' supervised release. The court orally pronounced five special conditions of supervised release, including that Jones "not possess a firearm or destructive device." The court did not mention any of the standard conditions, yet the written judgment issued later includes all 13 of those conditions, 7 of which Jones seeks to challenge in this appeal. The written judgment also expands the condition prohibiting possession of guns and bombs to include ammunition and "any other dangerous weapon."

Appeal waivers are enforceable and may encompass conditions of supervised release just like any other part of a sentence. *See United States v. Chapas*, 602 F.3d 865, 868 (7th Cir. 2010); *United States v. Sines*, 303 F.3d 793, 797–99 (7th Cir. 2002). The recognized limitations on appeal waivers are narrow and few: Waivers will not be construed to foreclose an appellate claim that a sentence exceeds a statutory maximum or rests on a constitutionally impermissible factor like race, or that defense counsel was ineffective in negotiating the plea agreement containing the waiver. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014); *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011); *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). None of these limitations applies to Jones.

He instead relies on *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), an opinion that allowed a defendant to challenge a condition of supervised release as unconstitutionally vague despite a broad appeal waiver. *Id.* at 192–93. Jones reads *Adkins* as "general" support for the proposition that, "notwithstanding an appeal waiver, the Fifth Amendment's Due Process Clause allows for appellate review of any discretionary condition of supervised release which is so vague that no reasonable person could know what conduct is permissible or impermissible." That reading is a stretch. In *Adkins*, which we have not applied since to excuse an appeal waiver, we were careful to "emphasize the narrowness of our holding" and to reinforce our longstanding rejection of a general exception to appeal waivers for constitutional claims. *Id.* at 193; *see United States v. Behrman*, 235 F.3d 1049, 1051–52 (7th Cir. 2000). In fact, *Adkins* notes explicitly

that it's "generally unproblematic to knowingly waive a constitutional right or to lose a constitutional right (in a clearly demarcated way and in accord with 18 U.S.C § 3583(d)) via special conditions of supervised release." *Adkins*, 743 F.3d at 193.

Jones principally challenges the language prohibiting him from possessing "any other dangerous weapon" in addition to guns, ammunition, and destructive devices. But that condition of supervised release and the others that Jones contests are not comparable to the condition at issue in *Adkins*. In that case the defendant could "not view or listen to any pornography or sexually stimulating material or sexually oriented material or patronize locations where such material is available." 743 F.3d at 194. That language, we said, was both impossibly vague ("[H]ow can we tell which images or voices are sexually stimulating for Adkins?") and immensely overbroad ("Read literally, this provision might preclude Adkins from using a computer or entering a library—irrespective of what he views in either place—because both are 'locations' where 'sexually stimulating material … is available.' Indeed, he might not be able to ride the bus, enter a grocery store, watch television, open a magazine or newspaper, read a classic like *Romeo and Juliet*, or even go out in public."). *Id.* In contrast, the prohibition against "any other dangerous weapon" is authorized by statute, *see* 18 U.S.C. §§ 3563(b)(8), 3583(d), and permissible, *see United States v. Armour*, 804 F.3d 859, 868–69 (7th Cir. 2015).

The appeal waiver stands, and the appeal is **DISMISSED**.