# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2772

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Phinney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: April 11, 2016
Filed:
[Unpublished]

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District
Judge.

_____

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota, sitting by designation.

PER CURIAM.

David Lee Phinney challenges the sentence imposed by the district court[2] for violating the terms of his supervised release. We affirm.

Less than two months after beginning his five-year term of supervised release for conspiring to distribute methamphetamine, Phinney was arrested for violating several of his conditions of release. Phinney admitted to violating the mandatory condition that required him "not [to] commit another federal, state, or local crime," as well as the standard conditions requiring him to notify his probation officer within three days of being arrested or questioned by law enforcement, and not to associate with persons engaged in criminal activity or, absent permission from his probation officer, with felons. The violations were based on Phinney taking part in a fight (for which he was convicted of felony second-degree assault) and being a passenger in a vehicle with three other felons that was stopped by police for a traffic violation.

The parties agree that the district court correctly calculated Phinney's advisory range under the United States Sentencing Guidelines as 46–57 months' imprisonment, and that Phinney was statutorily eligible for up to a lifetime of supervised release. The district court sentenced Phinney to 48 months' imprisonment followed by ten years of supervised release.

We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions. United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009). "In reviewing a challenge to a sentence, we 'must first ensure that the district court committed no significant procedural error.'" United States v. Dace, 660 F.3d 1011, 1013 (8th Cir. 2011) (quoting Gall v. United States,

---

[2]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

552 U.S. 38, 51 (2007)). When it comes to procedural error, "we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." Id. (quotation and citation omitted). "If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard." United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012) (citation omitted).

Phinney argues that the district court erred by failing to consider the statutory factors it was required to, failing to adequately explain its sentence, and basing its decision on clearly erroneous facts. Although Phinney characterizes these challenges as being directed at the sentence's substantive unreasonableness, they in fact concern whether the district court committed procedural error. See Gall, 552 U.S. at 51. The distinction matters because where a defendant fails to raise procedural objections at sentencing – as is the case here – we can correct only plain errors. See Miller, 557 F.3d at 916. Claims that the length of a sentence is substantively unreasonable, by contrast, are not reviewed for plain error even in the absence of an objection before the district court. See United States v. Wiley, 509 F.3d 474, 476–77 (8th Cir. 2007).

Phinney raises no instance of plain procedural error. First, a district court is required to consider the factors cited in 18 U.S.C. § 3583(e) when imposing a sentence in the context of a supervised release revocation. The district court stated that it considered the statutory factors and elaborated on its analysis of a number of them, such as "the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant," noting Phinney's category V criminal history and the violence he exhibited during the fight. That defeats any claim of plain error based on failing to consider the necessary sentencing factors, for sentencing courts need not mechanically list each factor to satisfy their statutory duties. United States v. Olson, 716 F.3d 1052, 1057 (8th Cir. 2013).

Second, 18 U.S.C. § 3553(c) requires the district court to "state in open court the reasons for its imposition of the particular sentence." No "lengthy explanation" is required, so long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Having reviewed the sentencing transcript, we find that the district court committed no plain error on this score.

Third, Phinney contends that the district court relied on clearly erroneous facts, because it mistakenly stated at one point in the sentencing hearing that Phinney had stabbed another man. But Phinney's attorney promptly corrected the mistake, which was based on an offense report describing the fight, while acknowledging that Phinney pushed the other man to the ground and beat him. The district court acknowledged the misstatement and did not rely on any purported stabbing when imposing the sentence.

Finally, Phinney challenges the length of his sentence as substantively unreasonable. We conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence. Both the four-year prison term and the lengthy period of supervised release were within the district court's discretion to impose based on the factors it considered, including Phinney's extensive criminal history, the fact that he had committed another crime soon after being placed on supervised release, and the violence he displayed during the fight.

Affirmed.

_____