# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1383

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Deonte Coffey, originally named Robert Coffey

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: January 13, 2020
Filed: May 29, 2020
[Unpublished]

——————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Robert Deonte Coffey pleaded guilty to possession of marijuana with intent to distribute it, 21 U.S.C. § 841(a)(1), (b)(1)(D), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). Although the

Sentencing Guidelines recommended a total sentence between 66 and 72 months in prison, the district court[1] chose 96 months instead. We affirm.

The district court's main reason for varying upward was that Coffey had also engaged in child sex trafficking, 18 U.S.C. § 1591(a), which was charged in the superseding indictment but later dismissed when he pleaded guilty. Had Coffey not been a pimp for a 14-year-old runaway, the court said, it "probably would not" have varied upward.

For two reasons, Coffey objects to the upward variance. The first is procedural. In Coffey's view, the district court did not explain its reasoning well enough. Before varying upward, in addition to the sex trafficking, the court discussed Coffey's criminal and disciplinary history, the seriousness of his offenses, the need for deterrence, and his background. Only then, after considering the recommended range, did it vary upward to 96 months. It did not have to say more. *See United States v. Olson*, 716 F.3d 1052, 1057 (8th Cir. 2013) ("As long as the sentencing court referenced 'some of the considerations contained in § 3553(a), we are ordinarily satisfied.'" (quoting *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008))).

The other objection is substantive. Coffey thinks that his 96-month sentence is just plain unreasonable, especially because his view is that the district court should never have considered his sex-trafficking activities in the first place. The problem with this argument, however, is that we have long allowed district courts to consider "prior criminal conduct [at sentencing], whether or not related to the offense of conviction." *United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010). His fallback argument is less categorical, but no more persuasive. Even if the court could consider the sex trafficking, he says, it should have placed less weight on it.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

The flaw in this more modest argument, however, is that the court had "wide latitude" to weigh his other illegal behavior in whatever way it saw fit, even when imposing a "significant upward variance." *United States v. Abrica-Sanchez*, 808 F.3d 330, 335 (8th Cir. 2015) (citation omitted).

We accordingly affirm the judgment of the district court.

_____