# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3181
_____

United States of America

*Plaintiff - Appellee*

v.

Mark Edwin Comer, also known as Mark Comer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: July 15, 2024
Filed: July 18, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Mark Comer appeals the sentence the district court[1] imposed after he pleaded guilty to a child pornography offense. His counsel has moved to withdraw and has

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

After careful review, we conclude that the district court did not abuse its discretion in sentencing Comer. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); *see also United States v. Mangum*, 625 F.3d 466, 469-70 (8th Cir. 2010) (concluding an upward variance was reasonable where the court made an individualized assessment based on the facts presented).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. We note, however, that the written judgment conflicts with the court's oral pronouncement at sentencing with respect to Comer's obligation to pay restitution. *See United States v. Olson*, 716 F.3d 1052, 1056 (8th Cir. 2013) (stating that a district court's oral sentence controls when it conflicts with the written judgment). The record reflects that Comer agreed to pay restitution as a condition of supervised release, and at sentencing, the court specifically referred to payment of restitution "[a]s a portion of supervised release." The judgment entered, however, provided that the restitution was due immediately and that if Comer did not pay it immediately, he was required to make payments while incarcerated. We conclude these provisions conflict with the district court's statements during sentencing imposing restitution as only a condition of supervised release. *See United States v. Kieffer*, 794 F.3d 850, 853 (7th Cir. 2015) (per curiam) (stating that while the district court may have intended to order restitution as only a condition of supervised release, the judgment went further by requiring payment upon incarceration); *see also United States v. Johnson*, 529 U.S. 53, 57-59 (2000) (concluding that a supervised release term does not commence until the individual is released from imprisonment). Accordingly, we modify the judgment to provide that restitution is a condition of supervised release commencing upon Comer's release from custody. *See* 28 U.S.C. § 2106 (appellate court may modify any judgment

brought before it for review); *United States v. Adams*, 955 F.3d 238, 251 (2d Cir. 2020).

We affirm the judgment as modified and grant counsel leave to withdraw.

_____