# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1966
_____

United States of America,

*Plaintiff - Appellee,*

v.

Miguel Antonio Alvarez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: June 9, 2025
Filed: August 13, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Miguel Alvarez pleaded guilty to enticement of a minor using the internet and receipt of child pornography. *See* 18 U.S.C. §§ 2422(b), 2252(a)(2)(A). The district

court[1] sentenced Alvarez to 360 months' imprisonment, the bottom of the advisory guideline range. Alvarez appeals the reasonableness of his sentence and objects that the district court's written judgment conflicts with its oral pronouncement of the judgment.

Alvarez's plea agreement waives his challenge to the reasonableness of his sentence. The agreement provides that Alvarez waives his right to appeal any non-jurisdictional issue, but the waiver excludes "the Defendant's right to appeal . . . the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance" from the advisory guideline range. An appeal waiver is enforceable if (1) the appeal falls within the scope of the waiver, (2) the defendant voluntarily and knowingly entered into the plea agreement and waiver, and (3) enforcement of the waiver will not result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

This appeal falls within the scope of the waiver. The reasonableness of Alvarez's sentence is a non-jurisdictional issue, and there is no applicable exception to the waiver. The district court did not depart or vary upward from Alvarez's advisory guideline range. Alvarez does not argue that enforcement of the appeal waiver would result in a miscarriage of justice, so we consider only whether the waiver was knowing and voluntary.

Alvarez argues that the magistrate judge's[2] colloquy with him during the plea hearing was inadequate because the judge restated the provisions of the waiver

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

[2]The Honorable Daneta L. Wollmann, United States Magistrate Judge for the District of South Dakota.

without elaboration. The magistrate judge was required to "inform the defendant of, and determine that the defendant understands" the terms of the waiver. Fed. R. Crim. P. 11(b)(1)(N). The judge confirmed with Alvarez that he was competent, had reviewed the plea agreement with his counsel, and understood its provisions. She reviewed the sentencing process with Alvarez. She then explained the appeal waiver and discussed its exceptions before confirming with Alvarez that he understood. This is not a case in which the judge failed to acknowledge the waiver or misled the defendant about the content of the plea agreement. *Cf. United States v. Boneshirt*, 662 F.3d 509, 516 (8th Cir. 2011); *United States v. Rojas-Coria*, 401 F.3d 871, 872 n.2 (8th Cir. 2005). The colloquy was adequate. The waiver is enforceable and forecloses Alvarez's challenge to the reasonableness of his sentence.

The parties agree that modification of the judgment is warranted because the written judgment conflicts with the district court's oral pronouncement at sentencing with respect to Alvarez's obligation to pay restitution during his term of supervised release. At sentencing, the district court announced a restitution payment schedule for Alvarez's term of imprisonment but did not announce a payment schedule for the time after his release from custody. The written judgment requires Alvarez to make monthly restitution payments of $250 to begin sixty days after his release from custody. When the district court's oral pronouncement and written judgment conflict, the oral pronouncement controls. *United States v. Olson*, 716 F.3d 1052, 1056 (8th Cir. 2013). We therefore modify the judgment to eliminate the restitution payment schedule for Alvarez's term of supervised release. *See United States v. Comer*, No. 23-3181, 2024 WL 3451579, at *1 (8th Cir. July 18, 2024) (per curiam); 28 U.S.C. § 2106 (appellate court may modify any judgment brought before it for review). The full restitution amount is still ordered, but the judgment will not include a post-incarceration payment schedule unless the terms of supervised release are properly modified to include a schedule.

The judgment of the district court is affirmed as modified.

_____