UNITED STATES of America, Appellee,

v.

Dale A. BESTON, Appellant.

No. 90–5221.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 6, 1990.

Decided June 12, 1991.

---

William A. Kirschner, Fargo, N.D., for appellant.

Norman Anderson, Fargo, N.D., for appellee.

Before John R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Dale A. Beston pleaded guilty to assault with a dangerous weapon within Indian country in violation of 18 U.S.C. § 1153(a) and was sentenced to thirty-four months imprisonment. Beston appeals the district court's denial of credit on his sentence for time spent at various facilities between arrest and sentencing. We reverse and remand to the district court for further proceedings consistent with this opinion.

## I.

Federal authorities arrested Beston for assault with a dangerous weapon and detained him in a local law enforcement center. Twenty-six days later, Beston was released on the condition he reside at the center or a similar facility designated by the pretrial services officer. Beston remained at the center.

Fifty-five days after his conditional release, Beston pleaded guilty. The district court accepted Beston's plea and continued the conditional release pending sentencing. Four days later, Beston was transferred from the center to an alcohol treatment facility. Beston spent twenty-seven days at the treatment facility, then was transferred to a halfway house in another community where he resided for thirty-six days until his sentencing.

Beston filed a 28 U.S.C. § 2255 petition seeking to withdraw his guilty plea on several grounds, including the district court's failure to inform him of his right to appeal his sentence. See Fed.R.Crim.P. 32(a)(2). The district court denied Beston's petition, but vacated Beston's sentence and then resentenced him. This cleared the way for Beston to appeal his sentence. Cf. United States v. Drummond, 903 F.2d 1171, 1172 & n. 2 (8th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991).

## II.

On appeal, Beston argues he is entitled to credit towards his sentence for the time he spent in the law enforcement center, alcohol treatment facility, and halfway house before he was sentenced. See 18 U.S.C. § 3585(b) (1988). We cannot consider the merits of Beston's claim without first determining whether the sentencing court has authority to credit Beston's sentence for the time he spent in official detention before sentencing. Before section 3585 became effective, 18 U.S.C. § 3568 governed credit for presentence time spent in official detention. Under section 3568 the Attorney General had exclusive authority to grant the credit Beston seeks, and a convicted defendant was required to exhaust available administrative remedies before seeking the credit in court through a writ of habeas corpus. See Chua Han Mow v. United States, 730 F.2d 1308, 1313–14 (9th Cir.1984), cert. denied, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). When Congress enacted section 3585 it repealed section 3568 and deleted all reference to the Attorney General. Section 3585 contains no designation of authority to grant credit for time served in official detention before sentencing, thus leaving open the question whether the district court may grant the credit.

▉ The circuit courts of appeals that have considered this issue disagree on whether the Attorney General retains the initial authority to grant the credit. Compare United States v. Wilson, 916 F.2d 1115, 1117–18, 1118 n. 2 (6th Cir.1990) (federal district court has initial authority to

grant credit for presentence official detention under section 3585(b)), *petition for cert. filed,* 59 U.S.L.W. 3795 (U.S. May 13, 1991) (No. 90–1745) *and United States v. Chalker,* 915 F.2d 1254, 1256–58 (9th Cir. 1990) (under section 3585(b) the "Attorney General and the district courts ... have concurrent authority to grant credit for time served") *with United States v. Brumbaugh,* 909 F.2d 289, 290–91 (7th Cir.1990) (Attorney General retains responsibility for granting credits for presentence time spent in official detention) *and United States v. Lucas,* 898 F.2d 1554, 1555–56 (11th Cir. 1990) (same). Like the sixth and ninth circuits, we believe the deletion of all reference to the Attorney General in section 3585 manifests a congressional intent to withdraw the Attorney General's exclusive authority to grant credit for time served in official detention before sentencing. We agree with the ninth circuit, however, "that by failing to specify to whom [the] power was vested, Congress intended the Attorney General and the district courts to have concurrent authority to grant credit for time served [in official detention before sentencing]." *Chalker,* 915 F.2d at 1258.

### III.

We turn now to the merits of Beston's claim. Section 3585(b) provides, "A defendant shall be given credit toward the service of a term of imprisonment for any time ... spent in official detention [before] the sentence commences." In *Moreland v. United States,* 932 F.2d 690 (8th Cir.1991), this court held time spent in a halfway house before sentencing could be credited towards a convicted defendant's sentence under section 3585(b). *Moreland,* however, does not hold time spent in a halfway house is automatically considered official detention under section 3585(b). Rather, a defendant seeking credit for presentence time spent in a halfway house must show the conditions of confinement and release "closely approach[ed] or equal[ed] incarceration." *Id.,* at 693. "Only those defendants released under highly restrictive conditions will be entitled to sentence credit." *Id.*

 In this case, Beston was incarcerated for twenty-six days at the law enforcement center before the district court conditionally released him pending trial. Section 3585(b) clearly contemplates granting credit for the time a defendant spends incarcerated awaiting sentencing or trial. *See United States v. Woods,* 888 F.2d 653, 655 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). Thus, Beston is entitled to twenty-six days credit against his sentence. On the record before us, however, we are unable to determine whether Beston is entitled to credit for the time he spent on conditional release at the law enforcement center, alcohol treatment facility, and halfway house. The conditions of confinement and release at each of those facilities is not apparent from the record. Accordingly, we remand to the district court to determine whether Beston is entitled to credit against his sentence for the time spent at those facilities in light of this court's decision in *Moreland.*

Reversed and remanded.