# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3994

_____

United States of America,         *

Appellee,         *

         *   Appeal from the United States
v.         *   District Court for the
         *   Northern District of Iowa.

Tarone M. Jones,         *

Appellant.         *

_____

Submitted: October 22, 2009
Filed: March 3, 2010

_____

Before RILEY, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

A jury convicted Tarone Jones of being a felon in possession of a shotgun and a semi-automatic pistol, in violation of 18 U.S.C. § 922(g)(1). The district court[1] granted the government's upward departure motion for underrepresented criminal history and imposed a 240-month sentence. On appeal, Jones argues that the district court erred in failing to consider the harshness of the advisory Guidelines range before granting the government's upward departure motion. We disagree and affirm the judgment of the district court.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

## I. *Background*

The charges against Jones arose from the Storm Lake, Iowa Police Department's investigation into a quarrel at Jones's apartment involving a sawed-off shotgun and a semi-automatic pistol. Officers discovered the semi-automatic pistol hidden in Jones's apartment and the sawed-off shotgun hidden in another apartment in the same complex. Jones was charged and convicted of being a felon in possession of a firearm.

Jones's presentence investigation report assigned Jones 19 criminal history points. Additionally, he had four convictions or adjudications that did not result in any criminal history points. Jones's criminal history also included four convictions for "violent felonies" within the meaning of U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e). Specifically, two armed robbery offenses on June 30, 1999, against two separate victims; an October 31, 2002 assault and battery of a police officer; and a November 28, 2005 assault and battery of a police officer.

At sentencing, the district court set Jones's Guidelines range between 235 and 293 months' imprisonment based upon an offense level of 33 and a category VI criminal history. The court also found Jones to be an armed career criminal. After a brief colloquy, the district court granted the government's upward departure motion pursuant to U.S.S.G. § 4A1.3(a)(1) for substantial underrepresentation of Jones's dangerousness and recidivism and departed upward two levels. The court noted Jones's six additional criminal history points (it takes 13 points to qualify for criminal history category VI) and observed the remarkable rapidity with which Jones committed crimes. The court then departed upward two additional levels to account for the six extra points. This resulted in an advisory Guidelines range of 292 to 365 months' imprisonment. The court then granted Jones's variance motion and reduced his sentence to 240 months.

## II. *Discussion*

On appeal, Jones claims that the court abused its discretion by considering the government's upward departure motion independently from the calculated Guidelines range. Jones maintains that in his case a § 4A1.3 enhancement was unnecessary because his status as an armed career criminal established both a higher statutory punishment and higher Guidelines punishment than otherwise would have been applicable for the underlying offense. Jones further contends that the district court's isolation of the narrow underrepresentation inquiry from all other considerations essentially nullifies the discretion that § 4A1.3(a)(1) grants to the sentencing court. Finally, Jones argues that the district court's subsequent downward departure does not render this error harmless simply because it stated that its 240-month sentence was "sufficient but not greater than necessary."

This court reviews a district court's decision to depart pursuant to § 4A1.3 for an abuse of discretion. *United States v. Azure*, 536 F.3d 922, 930 (8th Cir. 2008). "Section 4A1.3 permits an upward departure if 'reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" *Id.* (quoting U.S.S.G. § 4A1.3(a)(1)).

Our review of Jones's criminal history convinces us that the district court did not err when it increased his offense level by two levels and sentenced him to 240 months' imprisonment. Jones's criminal history is extensive. Remarkably, he amassed all 19 of his criminal history points in just ten years. These offenses have not been petty. They evidence Jones's aggressive and violent tendencies. One encounter between Jones and his mother illustrates his violent disposition. After returning to his mother's home intoxicated, Jones found the door locked. He then kicked the door and demanded that it be opened. He threatened to "bust" his mother's "face in" if she did not comply. Jones's conviction for this assaultive conduct did not count among Jones's four convictions for "violent felonies" within the meaning of U.S.S.G. § 4B1.4 and 18

U.S.C. § 924(e). On this record, the district court's upward departure, which, after all, leaves Jones's sentence well below the statutory maximum for the offense of conviction, was not unreasonable.

Neither are we persuaded by Jones's argument that the district court erred by independently considering the applicable Guidelines range and the government's upward departure motion. Jones cites no authority for this proposition, and in fact, our post-*Booker* cases appear to reject Jones's sentencing approach. "First, the district court must determine the appropriate sentencing range under the Guidelines. Next, the district court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory guidelines sentencing range. Finally, the district court must consider the § 3553(a) factors to determine a sentence." *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006) (internal quotations and citations omitted). Accordingly, contrary to Jones's contention, we have indicated that the Guidelines and departures are to be considered sequentially. Furthermore, we have stated:

> When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history. In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective.

*United States v. Walking Eagle*, 553 F.3d 654, 657 (8th Cir. 2009) (internal quotations, alterations, and citations omitted).

Similarly, Jones's contention that the district court ignored the discretionary nature of § 4A1.3(a)(1) is unsupported by the record. Without such evidence this argument fails because district courts are presumed to know and apply sentencing law. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) ("We presume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors.") (internal quotations and citations omitted).

-4-

We need not address Jones's argument that any error related to the departure was not harmless, as we find no error in the district court's analysis.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____