**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4918**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

KEVIN GEDEON, a/k/a Cash,

                Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00030-JPB-DJJ-2)

Submitted:  April 19, 2010        Decided:  July 6, 2010

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig M. Kadish, CRAIG M. KADISH, CHARTERED, Baltimore, Maryland, for Appellant.  Betsy C. Jividen, Acting United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Gedeon pled guilty without a plea agreement to two counts of distribution of cocaine base and was sentenced to 189 months in prison. He now appeals. We affirm.

I

According to Gedeon's presentence report (PSR), he was responsible for 314.712 grams of cocaine base, for a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2008). There were no adjustments to this level. Gedeon's criminal history category was V, and his advisory Guidelines range was 188-235 months.

At sentencing, Gedeon contested the amount of relevant conduct and objected to not receiving an adjustment for acceptance of responsibility. The district court heard testimony from Gedeon and other witnesses, including Heather Bell and Inspector Brian Bean. The court sustained Gedeon's objection to the amount of relevant conduct in the PSR and stated, "I will find that the evidence demonstrates just under 150 grams" of cocaine base. Gedeon's new base offense level was 30. See USSG § 2D1.1(c)(5). Although the court overruled the objection relating to acceptance of responsibility, the court also found that a two-level increase in offense level was appropriate based on Gedeon's obstruction of justice. See USSG

2

§ 3C1.1.  Gedeon's total offense level remained 32, and his advisory Guidelines range remained 188-235 months.

After hearing from counsel and Gedeon, the court sentenced him to 188 months in prison.  In imposing sentence, the court considered the advisory Guidelines range and the 18 U.S.C. § 3553(a) (2006) sentencing factors.  The court stated that criminal history category V somewhat overstated Gedeon's criminal responsibility, and the court departed downward to criminal history category IV.  The resulting Guidelines range was 168-210 months.  Gedeon was sentenced to 189 months in prison.

II

Gedeon contends that the district court erred because it did not articulate the standard of proof it used to determine relevant conduct.  He also argues that the district court's finding as to relevant conduct was erroneous.

We find no error in the court's determination that Gedeon was responsible for 147 grams of cocaine base.  "[S]entencing courts . . . make factual findings concerning . . . relevant conduct [ ] by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009).  We review factual findings for clear error.  United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2008).  Clear error occurs "when, although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Mosko, 515 F.3d 319, 324 (4th Cir. 2008) (internal quotation marks omitted).

Here, there was no clear error. Investigator Bean's testimony supports a finding of far more than 147 grams of cocaine base. According to Bean, Travis Barrett and Matthew Mason reported to authorities that they had purchased over 136 grams of the drug from Gedeon. Bean also testified that Chad Spaur, John Plowden, and Cordice Clark informed investigators that they had purchased quantities of crack from Gedeon that would put the total weight well above 147 grams.

Because Gedeon did not raise the claim about quantum of proof below, review is for plain error. See United States v. Jeffers, 570 F.3d 557, 569-70 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). "[T]o obtain relief under plain error review, [Gedeon] must show that an error occurred, that the error was plain, and that it affected his substantial rights." Id. "Even if he makes such a showing, however, we can decline to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Here, there was no error. "[D]istrict courts are presumed to know and apply sentencing law." United States v.

4

Jones, 596 F.3d 881, 884 (8th Cir. 2010). We presume that the district court properly determined relevant conduct based on a preponderance of the evidence.

III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED