# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1759

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Jon Patrick King, | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: November 19, 2010
Filed:  December 13, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges

_____

MURPHY, Circuit Judge.

Jon Patrick King was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. King pled guilty pursuant to a plea agreement, admitting that he and his coconspirators had distributed at least 750 grams of methamphetamine and 455 pounds of marijuana. The district court[1] sentenced him to 200 months.  King appeals, arguing that the court improperly granted the

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

government's motion for an upward departure based on under representation of his criminal history. We affirm.

At sentencing the district court calculated an offense level of 34 and a criminal history category of VI with a guideline range of 262–327 months. The court found that King was a career offender under U.S.S.G. § 4B1.1 because of his prior convictions for attempted burglary and kidnapping. Because King's offense was punishable up to life imprisonment, his career offender status raised the offense level to 37. See U.S.S.G. § 4B1.1(b). That total was then reduced by three levels for acceptance of responsibility. See U.S.S.G. § 3E1.1.

The court then turned to motions made by the parties. The government moved for an upward departure based on the under representation of King's criminal history, under U.S.S.G. § 4A1.3, as well as a downward departure based on his substantial assistance, under U.S.S.G. § 5K1.1. King moved for a downward variance based on his alcohol and drug addictions.

The government's motion for an upward departure was granted. The court found it was "appropriate here because the [category VI criminal history did] not adequately reflect the defendant's propensity towards violence." In order to avoid any "double counting" of convictions, the court did not base its departure on the attempted burglary and kidnapping which had triggered King's classification as a career offender. Instead it relied on King's convictions for serious assault, assault causing bodily injury, and domestic assault causing bodily injury. In those offenses King had tried to run over a victim with a truck, broken a victim's jaw, and assaulted his girlfriend while his son was present. The district court concluded that these offenses showed a "longstanding pattern of violence" warranting an upward departure.

In deciding on an appropriate amount to depart upward, the court considered United States v. Jones, 596 F.3d 881, 883-84 (8th Cir. 2010). Jones had affirmed an

-2-

upward departure of two offense levels because the defendant's guideline range had not adequately reflected his criminal history despite his designation as an armed career criminal. Id. Noting that King's criminal history was comparatively less egregious than that of the defendant in Jones, the district court decided to depart upward by one offense level. The resulting offense level of 35 and category VI criminal history produced a guideline range of 292–365 months.

After settling on 365 months, the high end of the guideline range, the district court addressed King's motion for a downward variance. Based on King's alcohol and drug problems the court varied down to 320 months. Finally the court granted the government's motion for a downward departure based on substantial assistance King had provided. The court then sentenced King to 200 months.

On appeal King challenges only the district court's decision to depart upward to 35 from an offense level of 34, under U.S.S.G. § 4A1.3. We review that decision for an abuse of discretion. Jones, 596 F.3d at 883. Section 4A1.3(a)(1) provides that a court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." If a defendant has already met the qualifications for a category VI criminal history, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level . . . until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B). When deciding whether to depart based on the inadequacy of a category VI criminal history, "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." U.S.S.G. § 4A1.3, comment. (n.2(B)).

King argues that the district court's departure in this case is not warranted by the text of U.S.S.G. § 4A1.3(a)(2), which lists a number of circumstances where an

upward departure may be appropriate. Our review of the record reveals that King's case fits squarely within U.S.S.G. § 4A1.3(a)(2)(A), however. That section provides that an upward departure may be based on information concerning "[p]rior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses)." King's category VI criminal history resulted from his status as a career offender, and that status was based on two of his prior convictions—one for attempted burglary and one for kidnapping. The district court decided that it would not base any upward departure on those two offenses. Its departure instead rested on King's convictions for serious assault, assault causing bodily injury, and domestic assault causing bodily injury. None of these offenses had been used for computing his career offender status.

King further asserts that the district court's upward departure was unwarranted because his career offender status "already punished him." The government responds that the added upward departure was appropriate because "only two of [King's] convictions served as the basis [for his] classification as a career offender." The government's brief argues that King's longstanding pattern of violence, as evidenced by the three assault convictions not otherwise accounted for in King's sentence, called for the upward departure.

A career offender is not immune from an upward departure under U.S.S.G. § 4A1.3. We rejected a similar argument in Jones, where the defendant argued that his status as an armed career criminal made the district court's further upward departure "unnecessary." 596 F.3d at 883-84. An upward departure is appropriate where a category VI criminal history does not adequately reflect the defendant's criminal past. See U.S.S.G. § 4A1.3, comment. (n.2(B)). This principle is no less applicable where the defendant is a career offender. As we noted in United States v. Greger, 339 F.3d 666, 672 (8th Cir. 2003), "[a]ll careers are not same. The length and scope of the career that lands the criminal under the career-offender guideline are appropriate grounds for departure, either upward or downward, in an unusual case." Relying on

-4-

convictions unrelated to King's designation as a career offender but which demonstrated his longstanding propensity towards violence, the court did not abuse its discretion by deciding that this was such an unusual case.

King finally argues that the district court abused its discretion by departing upward because his criminal history is distinguishable from that of the Jones defendant. The district court acknowledged that Jones "was a stronger case for an upward departure" than King's. We agree that the circumstances in Jones warranted a larger departure, for that defendant had an even longer and more violent criminal history. The district court expressly addressed those differences, stating: "I think I'd be well within my discretion to depart upward much higher than I'm departing now. But to try and have some consistency with [Jones], I'm simply going to depart up one level." As the district court noted, "Jones sets neither the ceiling nor the floor" for upward departures.

For the foregoing reasons we conclude that the district court did not commit procedural error nor abuse its discretion in sentencing King. Accordingly, we affirm the judgment of the district court.

_____