# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1653

_____

United States of America

*Plaintiff - Appellee*

v.

Patricia Rae Parris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 20, 2013
Filed: February 3, 2014

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Patricia Parris pled guilty to conspiring to distribute methamphetamine, and the district court sentenced her to 87 months at the bottom of her advisory sentencing guideline range. She now appeals her sentence, arguing that the district court gave insufficient weight to her history of addiction and post arrest rehabilitation. She also

seeks credit for time served while in a halfway house prior to conviction. We affirm the district court[1].

Parris was arrested after authorities searched her home in November 2011 and found over 13 grams of methamphetamine, $1,100 in cash, and drug paraphernalia. Parris, her adult daughter Angela Marie Ryan, and her drug distributor Shannon Wroe were jointly indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. According to her presentence report (PSR), Parris distributed large quantities of methamphetamine and marijuana near Davenport, Iowa from 2005 until her arrest in 2011. Then beginning in November 2008, she engaged in a distribution conspiracy with Ryan and Wroe. Parris distributed narcotics to at least four regular customers and was held responsible for 18,150.70 grams of marijuana and 1,814.40 grams of methamphetamine.

The district court accepted Parris' guilty plea. The PSR noted that "Parris appeared to be the most culpable in the . . . offense" of the three codefendants. She qualified for safety valve relief from statutory minimum sentencing and also received reductions for acceptance of responsibility and assisting authorities. Parris did not object to her guideline range which was calculated to be 87 to 108 months. The government requested a sentence at the top of the range, pointing to the seriousness of the offense and the involvement of Parris' daughter.

Parris moved for a downward variance based on her personal and familial history of substance abuse. She had started drinking alcohol at age thirteen and methamphetamine in her thirties, and says she attempted unsuccessfully to stop prior to her arrest at age fifty two. After her arrest she spent time in a halfway house, obtained treatment and employment, and joined Alcoholics Anonymous. The district

[1]The Honorable James E. Gritzner, United States Chief District Judge for the Southern District of Iowa.

-2-

court denied Parris' motion for a downward variance. It acknowledged Parris' addiction as well as her efforts toward rehabilitation, but explained that the seriousness of the offense and the need for deterrence made the guideline range reasonable in her case. The district court imposed a sentence of 87 months and recommended that Parris be placed in a comprehensive drug treatment program while in custody, but it declined to credit her sentence for the period of time she had spent in a halfway house.

Parris argues that given her history of addiction and rehabilitation, the district court abused its discretion by imposing a substantively unreasonable sentence and denying a downward variance. When reviewing the substantive reasonableness of a sentence, we apply a deferential abuse of discretion standard. United States v. Ponce, 703 F.3d 1129, 1134 (8th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). We may presume that a sentence within the guideline range is reasonable. Id. The district court considered Parris' struggles with addiction and her rehabilitation, and we are satisfied that the court acted within its wide range of discretion by sentencing her at the bottom of her guideline range. Parris further argues that the district court abused its discretion by failing to grant her credit for time served based on her stay in a halfway house between March and July 2012. The district court did not commit error by denying credit for this time.

Parris relies on United States v. Beston, 936 F.2d 361 (8th Cir. 1991) (per curiam), in contending that her stay at the halfway house should be treated as time spent "in official detention," for which she should be entitled to credit under 18 U.S.C. § 3585(b). Id. at 363. Our decision in Beston predated the Supreme Court's decision in Reno v. Koray, 515 U.S. 50 (1995), however. In Koray, the Court held that credit for time served is "available only to those defendants who were detained in a 'penal or correctional facility,' . . . and who were subject to [the Bureau of Prison]'s control." Id. at 58. The PSR identifies Parris' tenure at the halfway house as a period of release. While on release she was not subject to Bureau of Prison

-3-

control and is therefore not entitled to credit under § 3585(b). Id. at 63. To the extent that Beston would permit credit for time served in such circumstances, it has been overruled by Koray.

We conclude that the district court did not abuse its discretion by denying Parris' request for a downward variance, refusing credit for her time spent in a halfway house, and sentencing her to 87 months. We affirm the judgment of the district court.

_____