# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2817

_____

United States of America

*Plaintiff - Appellee*

v.

Keelyn Morelle Stokes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 13, 2016
Filed: June 14, 2016
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Keelyn Morrelle Stokes was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

pleaded guilty without the benefit of a plea agreement, and the district court[1] sentenced him to 85 months' imprisonment. Stokes argues that his sentence is substantively unreasonable.[2] We affirm.

In August 2014, Stokes and several other individuals traveled in a stolen van to an apartment in Davenport, Iowa, where Stokes exited the van and approached two individuals. Stokes pulled a handgun from his waistband, inserted a loaded ammunition clip into the gun, and then pointed the gun at the two victims and threatened to shoot them, placing the victims in fear for their lives. Stokes and the other occupants of the van then left the area without further incident, whereupon the victims notified the police department of the incident. Officers soon located the stolen van and signaled for the driver to pull over. As the van was coming to a stop, three of its occupants, including Stokes, leapt from the vehicle and fled. Officers gave chase and observed Stokes throw an object, which was recovered and identified as a loaded .25-caliber handgun.

At the sentencing hearing, the district court adopted the facts as set forth in the presentence investigation report (PSR). Although the PSR did not recommend any adjustment for acceptance of responsibility, the government had agreed to recommend a 3-level reduction because Stokes had entered a timely guilty plea. The court awarded only a 2-level reduction, however, in light of the sixteen disciplinary violations that Stokes had incurred while in custody, which included assaulting inmates and jail staff and damaging or destroying jail property. The resulting total offense level was 22, which, coupled with Stokes's criminal history category of V,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Stokes moved for leave to file a *pro se* supplemental brief. "[G]enerally we do not consider *pro se* briefs when a party is represented by counsel," Wayne v. Benson, 89 F.3d 530, 535 (8th Cir. 1996), and we therefore deny the motion.

yielded an advisory sentencing range of 77 to 96 months. Stokes moved for an unspecified downward variance, asserting that his difficult childhood and his extensive substance-abuse history militated in favor of a sentence below the advisory range. After discussing the 18 U.S.C. § 3553(a) factors, the district court denied Stokes's motion for a variance and, as set forth earlier, imposed an 85-month sentence, which fell within the middle of the advisory sentencing range.

Stokes argues that the district court's failure to grant a downward variance resulted in a substantively unreasonable sentence that is greater than necessary to comply with the purposes of § 3553(a)(2). We review a district court's refusal to grant a downward variance, as well as the ultimate sentence imposed by the court, under a deferential abuse-of-discretion standard. See United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010) (variance); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (sentence). A district court abuses its discretion when it fails to consider a relevant 18 U.S.C. § 3553(a) sentencing factor, when it gives significant weight to an irrelevant or improper factor, or when it considers only appropriate factors but nevertheless commits a clear error of judgment. See Feemster, 572 F.3d at 461. A district court has broad discretion to weigh the § 3553(a) factors in a given case and may elect to assign some factors greater weight than others in determining an appropriate sentence. See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014). We may presume that a sentence falling within the properly calculated advisory sentencing range is reasonable. See id. Moreover, "it will be the unusual case when we reverse a district court sentence . . . as substantively unreasonable." Feemster, 572 F.3d at 464 (citation omitted).

Stokes contends that the district court failed to give appropriate weight to his mitigation evidence, namely, his difficult childhood and his history of substance abuse. The district court considered Stokes's arguments in light of the § 3553(a) factors, but found that they were not sufficiently compelling to warrant a downward variance. In reaching its decision, the court appropriately exercised its broad

-3-

discretion to give less weight to Stokes's mitigating evidence and more weight to the significance and seriousness of Stokes's extensive criminal history and the "exceedingly aggravated" nature of the offense, which involved Stokes pointing a loaded gun at two victims, threatening to shoot them, and putting them in fear for their lives. Stokes cites several cases wherein a downward variance was granted on the basis of mitigating evidence arguably somewhat similar to his, but it does not necessarily follow that the district court's refusal to vary similarly in this case was an abuse of discretion. "The district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the 'wide latitude [given] to individual district court judges in weighing relevant factors.'" United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (quoting United States v. Foy, 617 F.3d 1029, 1037 (8th Cir. 2010)).

The judgment is affirmed.

_____