# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1599

_____

United States of America

*Plaintiff - Appellee*

v.

Fabian Taylor, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 9, 2017
Filed: May 2, 2017
[Published]

_____

Before SMITH,[1] GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fabian Taylor, Jr., pleaded guilty to possessing a gun while a felon and was sentenced to 96 months' imprisonment. This sentence reflects a 25-month upward

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

departure from Taylor's initial Guidelines range. The district court[2] enhanced the sentence to reflect Taylor's understated criminal history and his recidivism risk. Taylor appeals this departure and the substantive reasonableness of his sentence. We affirm.

In July 2014, Taylor shot a .357 Ruger revolver toward people he believed had assaulted him a few days earlier. As a felon, Taylor could not lawfully possess this firearm. After he pleaded guilty to possessing it, the district court calculated his Guidelines sentencing range as 57–71 months' imprisonment. The government asked the court to depart upward by one criminal history category under U.S.S.G. § 4A1.3 and four offense levels under § 5K2.21, which together would increase Taylor's range to 100–120 months' imprisonment. The court departed upward under § 4A1.3(a)(1) by two criminal history categories, which put Taylor's range at 77–96 months' imprisonment.

Section 4A1.3(a)(1) authorizes an upward departure if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The district court based its departure on both grounds. First, Taylor accumulated 20 convictions in the 12 preceding years. (He was 28 years old at sentencing.) Five of these offenses were committed while other charges were pending. Second, the court noted a pattern of escalating violent behavior and poor performance while on supervision. It also noted Taylor's firearm use in the instant offense. It based the departure "mostly . . . on the inadequacy of the criminal history category to reflect his true criminal behavior and high risk to recidivate." The court then sentenced Taylor at the high end of the new range: 96 months. In applying the 18 U.S.C. § 3553(a) sentencing factors, the court again noted Taylor's extensive

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

criminal history, gun use, driving under the influence, burglaries, and "assaultive behavior."

We review an upward departure under § 4A1.3 for abuse of discretion. *United States v. Jones*, 596 F.3d 881, 883 (8th Cir. 2010). Taylor contends that his prior convictions were too inconsequential to warrant an upward departure. He characterizes them as "nothing more than minor infractions of the law." Although he mostly received light sentences, many of the offenses were serious. In 2005, at age 17, he burgled a woman's home. In 2009, at age 21, he assaulted a sheriff's deputy. The next year he committed another assault. The year after that he struck another person in the mouth with his fist. He acquired a disorderly conduct conviction for fighting just over a year later. And within a year of that offense he drove a vehicle while intoxicated. In July 2014 he committed the instant offense by possessing the .357 Ruger. These offenses were interspersed with others: drug possession, public intoxication, providing false identification, and driving with a suspended license. Many of these interspersed convictions and the one for disorderly conduct received no criminal history points.

The district court did not abuse its discretion by departing upward to accurately reflect Taylor's criminal history and his likelihood of committing more crimes. Even minor crimes may show a likelihood of recidivism if they portray a defendant who is particularly incorrigible. *United States v. Schwalk*, 412 F.3d 929, 934 (8th Cir. 2005). Because Taylor's crimes were not all minor and together show a likelihood of further crime, departing upward under § 4A1.3(a)(1) was within the court's discretion.

Taylor also contends that his sentence is substantively unreasonable. He argues that a sentence at the bottom of the initial Guidelines range (57 months) would be sufficient to serve the sentencing goals, considering his limited history of substance abuse, his influence on his family, and his positive employment history. The record reflects that the district court reviewed the evidence fully aware of the applicable

sentencing factors. It had "wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Lasley*, 832 F.3d 910, 914 (8th Cir. 2016) (quoting *United States v. Maxwell*, 664 F.3d 240, 247 (8th Cir. 2011)). And it did not abuse that discretion here.

Accordingly, we affirm.

_____