# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3297
_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Silva

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 3, 2017
Filed: July 31, 2017
[Published]
_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Ruben Silva pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

calculated an advisory Sentencing Guidelines range of 30–37 months, to which neither party objected, and imposed an above-Guidelines sentence of 57 months. Silva appeals, arguing the district court committed procedural error and imposed a substantively unreasonable sentence. Because we disagree, we affirm the judgment of the district court.

Silva was in the front passenger seat of a friend's vehicle when law enforcement approached and told him he was under arrest. Silva immediately reached for his waistline, where the arresting officers noticed a "visible bulge" that looked to them like a firearm. The officers told Silva to "stop," "not to reach for it," and to place his hands on his head. Silva did not comply, reaching again for his waistline. Silva then got out of the vehicle, continued to disregard officers' commands to stop, and "swung his elbow toward" the head of the officer who was attempting to handcuff him. In response, the officer struck Silva multiple times, and Silva fell to the ground. As Silva fell, so too did a .380 caliber pistol from his waistline. A bullet was in the chamber, the hammer was cocked, and five more bullets were in the magazine. Later investigation established that the pistol was stolen and that Silva had at least one prior felony conviction.

Silva appeals his sentence, which we first review for procedural error. See United States v. Martin, 757 F.3d 776, 779 (8th Cir. 2014). Silva argues the district court procedurally erred by relying on a clearly erroneous fact when imposing the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" (quoting Gall v. United States, 552 U.S. 38, 51 (2007))). In particular, Silva argues the district court imposed an above-Guidelines sentence "based upon an incorrect determination that Mr. Silva was previously convicted of

battering a police officer." Silva bases this argument on language in the written Statement of Reasons, where the district court listed "convictions for . . . battery of police officers" as one reason for the sentence. As Silva points out, the presentence report reflected that he had been arrested twice for this offense, but there is no evidence in the record that he was convicted on either occasion.

At Silva's sentencing hearing, the district court addressed Silva's two prior arrests for battery of a police officer. In so doing, the district court noted there was no "explanation as to the disposition of those charges," and, unlike the written Statement of Reasons, expressly described these instances as "arrests" or "charges," not "convictions." When a district court's oral sentence conflicts with the written judgment, "the oral sentence controls." United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008). Silva does not assert that the court's oral statements at sentencing are ambiguous. See United States v. Olson, 716 F.3d 1052, 1056 (8th Cir. 2013) (unambiguous oral sentence controls when it conflicts with written judgment; ambiguous oral sentence requires our court to discern the district court's intent). As a result, we find that the district court's "clearly announced" recognition that Silva's prior arrests were in fact only arrests—not convictions—prevails over a conflicting statement in the written judgment. See id. There was no procedural error.

Next, we review Silva's sentence for substantive reasonableness under an abuse of discretion standard. Martin, 757 F.3d at 779. Silva asserts the district court committed a clear error of judgment when weighing the relevant factors at sentencing. See United States v. Hunt, 840 F.3d 554, 558 (8th Cir. 2016) (per curiam) ("A district court abuses its discretion when it '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" (quoting Feemster, 572 F.3d at 461)). Namely, Silva argues that the district court failed to assign sufficient weight to

-3-

various mitigating circumstances and assigned improper weight to aggravating circumstances, including Silva's arrest history.

We disagree. Silva argued at sentencing that his longstanding addiction to methamphetamine and his exposure to crime, drugs, and violence in the community where he grew up were mitigating factors that warranted a lesser sentence. The district court carefully considered Silva's arguments, opining that Silva's drug addiction and lack of guidance as a youth were likely the primary catalysts for his extensive criminal history. But the court also described Silva's dangerous conduct at the time of his arrest as "extraordinarily aggravating," and expressed concern about Silva's multiple prior convictions and the failure of prior sentences to deter his criminal conduct. The district court acted within its broad discretion when it concluded that "the aggravating so far outweighs the mitigating that it is compelled to vary upward from the guideline range." See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (review of district court's weighing of sentencing factors when imposing upward variances for abuse of discretion); United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors.").

The judgment of the district court is affirmed.

_____