# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2038

_____

United States of America

*Plaintiff - Appellee*

v.

Wayne J. Jones, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 15, 2019
Filed: June 14, 2019
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Wayne Jones pled guilty to being a felon and unlawful drug user in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and

924(a)(2). The district court[1] sentenced him to 43 months imprisonment, to be followed by three years of supervised release. Jones appeals his sentence on four separate grounds. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

First, Jones challenges the district court's application of a two-level enhancement to his base offense level for possession of at least three firearms pursuant to United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(1)(A). "This court reviews the district court's construction and application of the Sentencing Guidelines de novo, and . . . review[s] its factual findings regarding enhancements for clear error." United States v. Augustine, 663 F.3d 367, 374 (8th Cir. 2011) (internal quotation marks omitted). "A finding is clearly erroneous when the reviewing court, on the basis of all the evidence, is left with the definite and firm conviction that a mistake has been made." United States v. Wells, 127 F.3d 739, 745 (8th Cir. 1997); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) ("Th[e clear-error] standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.").

Jones argues that the district court erred because there was insufficient evidence that he possessed at least three firearms. However, he concedes that he possessed two firearms, see Appellant's Br. 14, and admits that he intended to use a third firearm at a shooting range, but did not do so. Id. at 15. Under § 2K2.1(b)(1), a court may count any firearm that was "unlawfully sought to be obtained" or "unlawfully possessed[.]" USSG § 2K2.1, comment. (n.5). The district court found Jones did not use this third firearm only because he brought the wrong ammunition, concluding that sufficient evidence demonstrated Jones's possession of this firearm. Sent. Hr'g Tr. 66, Dist. Ct. Dkt. 60. Overall, the court found Jones

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

possessed three guns photographed on a couch at his residence; found Jones possessed long guns used at a shooting range; and found that Jones attempted to purchase a long gun using his son as a straw purchaser. Sent. Hr'g Tr. 66. Further, witnesses told the FBI that they had gone target shooting with Jones during the prior year and that they all had fired three handguns. We find no clear error in the district court's factual findings, and conclude that the district court properly applied the two-level enhancement under § 2K2.1(b)(1)(A).

Second, Jones argues that the district court erred in not granting him a downward variance based on his community and civic activities. "We review the district court's refusal to grant a downward variance for abuse of discretion." United States v. Jackson, 852 F.3d 764, 777 (8th Cir. 2017). "A district court abuses its discretion when it fails to consider a relevant 18 U.S.C. § 3553(a) sentencing factor, when it gives significant weight to an irrelevant or improper factor, or when it considers only appropriate factors but nevertheless commits a clear error of judgment." United States v. Stokes, 652 F. App'x 481, 482 (8th Cir. 2016) (per curiam).

We have upheld a district court's "choice to assign relatively greater weight to the nature and circumstances of the offense than to the [defendant's] mitigating personal characteristics" because such a choice "is well within the wide latitude [given] to individual district court judges in weighing relevant factors." Id. at 483 (second alteration in original) (internal quotation marks omitted). Here, the district court found that, although "[t]here are certainly cases and instances where involvement in civic and religious activities could be a factor for a variance or a departure," this was not such a case because "[t]he aggravating factors far outweigh any mitigating factors." Sent. Hr'g Tr. 79. The district court did not abuse its discretion in refusing to grant the requested downward variance.

Third, Jones argues that the district court erred in granting the government's motion for an upward departure pursuant to USSG § 4A1.3(a)(1). "We review an upward departure under § 4A1.3 for abuse of discretion." United States v. Taylor, 864 F.3d 851, 852 (8th Cir. 2017) (per curiam). However, although the government moved for an upward departure or variance, see Sent. Hr'g Tr. 79, contrary to Jones' argument, the district court did *not* depart upward; it "var[ied] upward." Sent. Hr'g Tr. 79-84. Jones acknowledges this in his brief. See Appellant's Br. 11 ("The Court varied upward to 43 months."). Section 4A1.3(a) applies only to upward departures and the cases Jones cites involved upward departures. Accordingly, we will not consider Jones's argument, as it is premised on something the district court did not do. To the extent Jones argues that the district court abused its discretion in *varying* upward, see United States v. Brown, 743 F. App'x 708, 709, 711 (8th Cir. 2018) (per curiam), the district court did not abuse its discretion. Upon review of the record, we have not identified any relevant § 3553(a) sentencing factors that the district court failed to consider, nor any improper or irrelevant factors that it should not have considered, nor any clear error of judgment on the part of the district court.

Finally, Jones argues that the district court erred in imposing a two-level enhancement to his base offense level for obstruction of justice pursuant to USSG § 3C1.1. "We review the district court's factual findings underlying an adjustment for obstruction of justice for clear error, giving great deference to the . . . court's determination." United States v. McDonald, 826 F.3d 1066, 1071 (8th Cir. 2016) (per curiam) (citation omitted); see also Anderson, 470 U.S. at 573; Wells, 127 F.3d at 745. The obstruction-of-justice enhancement "applies when the district court finds by a preponderance of the evidence that a defendant committed perjury by willfully testifying falsely on a material matter." United States v. Nshanian, 821 F.3d 1013, 1018 (8th Cir. 2016). "[T]he district court must make an independent finding that the defendant obstructed justice." Id. (citing United States v. Dunnigan, 507 U.S. 87, 95 (1993)). "It is preferable for the district court to address each element of perjury in a separate and clear finding, but it is sufficient if the court makes a finding

that 'encompasses all of the factual predicates for a finding of perjury.'" Id. (quoting Dunnigan, 507 U.S. at 95).

Notwithstanding Jones's argument that the district court's findings do not adequately support an obstruction-of-justice enhancement, see Appellant's Br. 24-25, the district court found, by a preponderance of the evidence, that Jones "gave false material testimony" on "a number of matters[,]" including "the number of firearms that he possessed" and "his denial of an attempt to purchase the long gun using his son as a straw purchaser." Sent. Hr'g Tr. 67. The court found that Jones's "false testimony was not a result of mistake or confusion" and that "[h]e gave false testimony in the hopes of reducing his exposure under the advisory guidelines." Sent. Hr'g Tr. 67. Although the district court did not expressly state that Jones's false testimony was willful, we have upheld an obstruction-of-justice enhancement in the absence of such an express finding when a defendant's false testimony "was not the product of confusion, mistake or faulty memory." McDonald, 826 F.3d at 1071-72 ("The district court pointed to a specific portion of [the defendant]'s testimony that concerned a material matter—that is, that he denied possession of the firearms despite overwhelming evidence to the contrary."). We find no clear error in the district court's factual findings, and conclude that the district court properly applied the two-level enhancement under § 3C1.1.

The judgment is affirmed.

_____