# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1178

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brett Wenger

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: December 13, 2021
Filed: April 5, 2022
[Unpublished]

——————————

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

——————————

PER CURIAM.

Brett Wenger pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

———————————

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

sentenced him to 63 months' imprisonment. This sentence exceeded the applicable Sentencing Guidelines range of 24 to 30 months' imprisonment as calculated by the court. On appeal, Wenger argues that the court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

## I. *Background*

After being fired from his job at Hiland Dairy in Fayetteville, Arkansas, Brett Wenger left but later returned heavily intoxicated, threatening to kill his supervisor and to shoot up the business. Employees called the police and reported the incident. They told the police that Wenger was known to carry a .40 caliber semiautomatic handgun. Officers learned from a records check that Wenger had an outstanding arrest warrant and that he was known to be armed and dangerous. Officers arrived at the dairy and found Wenger's car in the parking lot. Wenger was passed out in the front seat of the running car. Officers opened the rear driver's side door and saw a pistol on the floorboard. They awakened Wenger and instructed him to keep his hands visible and to not reach for anything. They removed him from the vehicle and attempted to handcuff him. He belligerently resisted arrest. While officers wrestled him into a squad car, he continued to scream threats at them. A search of Wenger's vehicle revealed marijuana, a loaded .40 caliber Smith & Wesson, an empty whiskey bottle, and a potentially forged medical marijuana card.

Once in the patrol car, Wenger kept kicking the front/back seat partition, so officers placed restraints on his legs. He further expressed that he had a right to carry a firearm, that he had several more firearms at his residence, and that he would continue to carry firearms. Wenger told one of the officers, "The next time that we clash, I'm gonna put all the rounds right in your chest." R. Doc. 29, at 5. Wenger exhibited numerous signs of intoxication. Due to Wenger's aggressive behavior, officers did not conduct a field sobriety test.

Wenger pleaded guilty to being a felon in possession of a firearm. Based upon an offense level of 15 and a criminal history category of III, his advisory Sentencing Guidelines range was 24 to 30 months' imprisonment. At sentencing, the district court concluded that Wenger's criminal history category significantly under-represented both the number of his crimes and their violence. The court found a high probability of recidivism, particularly with respect to firearm- and alcohol-related offenses. The court also considered the circumstances of Wenger's offense to be an aggravating factor. The court noted several mitigating factors, such as childhood hardship, alcohol addiction, mental health issues, and his expression of remorse. Nevertheless, the court found that the aggravating factors predominated and sentenced Wenger to 63 months' imprisonment.

Wenger appeals, contending that the court abused its discretion in weighing the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence.

## II. *Discussion*

Wenger argues that the district court abused its discretion by imposing a sentence above the Sentencing Guidelines range of 24 to 30 months' imprisonment. He argues that the court gave undue weight to aggravating factors and failed to give adequate weight to mitigating factors. The government, in response, argues that the district court properly considered the § 3553(a) factors, identified those factors that weighed against a Guidelines-range sentence, and imposed a substantively reasonable sentence above that range.

We review the sentence imposed by a district court for an abuse of discretion. *United States v. Meza-Lopez*, 808 F.3d 743, 745 (8th Cir. 2015).

An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Williams*, 624 F.3d 889, 896–97 (8th Cir. 2010). The defendant bears the burden of demonstrating that his sentence is unreasonable. *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009).

When reviewing substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Although we may consider the extent of the district court's variance, we give due deference to the court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). This court has "repeatedly upheld substantially above-Guidelines sentences where the totality of the circumstances have justified such an increase." *United States v. Mack*, 766 F. App'x 415, 418 (8th Cir. 2019) (unpublished per curiam).

Wenger argues that the district court did not place sufficient weight on his difficult childhood. But a sentence is not substantively unreasonable simply because a court accords less weight to identified mitigating factors in comparison to aggravating factors in a defendant's personal history. *United States v. Gant*, 663 F.3d 1023, 1032 (8th Cir. 2011); *see also United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018) (per curiam) (holding that district court did not err in declining to vary downward based on defendant's history of methamphetamine use); *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (holding that district court did not err by affording less weight to defendant's history of drug addiction compared to extensive history of criminal conduct); *United States v. Parris*, 741 F.3d 919, 921 (8th Cir. 2014) (holding that district court was within its discretion to deny request

for downward variance based on defendant's personal and familial history of substance abuse).

The district court identified several aggravating factors based on the record facts. Specifically, it noted the workplace context of the instant offense and Wenger's history of combining intoxication with violence. Wenger illegally possessed a firearm while intoxicated at his place of employment after being terminated and threatened to kill his supervisor. Upon his return, Wenger's coworkers, who knew that he carried a firearm in his vehicle, retreated to a secure room and locked the door, concerned that Wenger might attack them. When officers arrived on the scene, Wenger, obviously intoxicated, resisted arrest and had to be physically restrained. He also threatened the life of an arresting officer.

Additionally, the court, noting Wenger's extensive history of offenses involving violence and intoxication, found that his criminal history category was understated. The court pointed to multiple DWI convictions and a history of violence against wives and girlfriends, including an attempted arson. The court also expressed concern for the public in light of Wenger's proclivity to drunken violence including the use of firearms, describing him as "a dangerous, volatile person." R. Doc. 39, at 18; *see also Mack,* 766 F. App'x at 419 (affirming above-Guidelines sentence where district court considered defendant "a very dangerous person").

The court considered Wenger's addiction problems and painful upbringing. The court referred to his early life as "horrific" and noted a "direct correlation" linking the neglect and abuse he endured in childhood with his criminal behavior as an adult. *Id.* at 20. Nonetheless, the court concluded that "the aggravating factors far outweigh[ed] the mitigating factors." *Id.* at 14. It was within the court's discretion to make this determination. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and [to] assign some factors greater weight than others in determining an

appropriate sentence."). Indeed, this court has time and again affirmed the district court when it declines to vary downward in light of a defendant's criminal history and likelihood of recidivism despite finding the defendant's difficult childhood to be a mitigating factor. *See United States v. Fitzpatrick*, 943 F.3d 838, 841 (8th Cir. 2019) (affirming district court's refusal to vary downward based on difficult upbringing in light of criminal history); *United States v. Dunn*, 928 F.3d 688, 694 (8th Cir. 2019) (affirming district court's refusal to vary downward based on difficult childhood); *United States v. Silva*, 865 F.3d 1027, 1030 (8th Cir. 2017) (per curiam) (affirming district court's finding that lack of guidance as a youth did not outweigh aggravating circumstances); *United States v. Stokes*, 652 F. App'x 481, 482 (8th Cir. 2016) (unpublished per curiam) (affirming district court's finding that difficult childhood was not sufficiently compelling to warrant a downward variance). "The court's emphasis on the defendant's criminal history and the nature of the offense falls within a sentencing court's substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (internal quotation marks omitted). We find no abuse of discretion.

## III. *Conclusion*

Accordingly, we affirm the district court.

_____